1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JUAN JOSE VILLATORO,

            Petitioner,

    vs.

SCOTT FRAUENHEIM,

            Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 14-4644-SVW (DTB)

ORDER ACCEPTING FINDINGS,
CONCLUSIONS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R").  Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the findings and recommendations of the Magistrate Judge.

In his Objections, petitioner essentially restates arguments made in his Motion and Declaration of Petitioner, in Pro Per in Support of Motion to Not Dismiss Habeas Petition that he was denied access to the law library while being housed in solitary confinement for reasons that "were out of [his] control."  (Objections at 3.)  Those arguments lack merit for the reasons stated in the Report and Recommendation. However, petitioner also provides additional support for his contention that he is

1

entitled to equitable tolling.  Specifically, petitioner submits evidence in the form of library access requests to prove he has "made various diligent efforts to gain access to the law library" and a transfer slip to show that "[o]n or about October 16, 2013 . . . [he] was notified about his transfer" and he "arrived at [Pleasant Valley State Prison] on November 27, 2013." (Objections at 4-5, Exhs. A-E.)

The evidence shows the following: Petitioner was issued an Inmate Priority Pass on July 9, 2013 for an appointment with the law library on July 16, 2013. (Objections, Exh. A.)  At his appointment on July 16, 2013, petitioner was granted Priority Library User Status for the period of November 23, 2013 through December 23, 2013.  (Id.)  On July 23, 2013, petitioner was issued an Inmate Priority Pass for an appointment with the law library on July 24, 2013.  (Objections, Exh. B.)  On August 25, 2013, petitioner completed a Law Library Access Request Form. (Objections, Exh. C.)  In the comments section of the form, library staff stated, "We have a library access request form on file, received on 8/20/13.  You do not need to submit another one until you have access to the library."  (Id.)  On September 14, 2013, petitioner again filled out a Law Library Access Request Form, which was received on September 17, 2013.  (Objections, Exh. D.)  In the comments section of the form, library staff reiterated that an "access request form was received from you on 8/20/13.  There is no need to submit another request until you have physical access to the Facility B Law Library."  (Id.)  Petitioner also includes a transfer approval slip showing petitioner was notified on or about August 16, 2013 that he would be transferred from High Desert State Prison to Pleasant Valley State Prison. (Objections at 4, Exh. E.)  Petitioner reports he was ultimately transferred on November 27, 2013, and had "no access to any facility library for 30/45 days" while he was being "classified" at the new facility.  (Objections at 4, Petition, Exh. K at 2.)

Here, as the Court explained in the Report and Recommendation, it is petitioner's burden to establish entitlement to equitable tolling, Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002), and he has not shown that, throughout the period for

2

which tolling is sought, he was diligently pursuing "either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006).  Nor has petitioner shown or otherwise explained how his temporary lack of access to the law library due to a prison transfer made it virtually impossible for him to timely file a federal habeas petition.  Indeed, the claims in the instant Petition are identical to the claims petitioner raised in his petition for review in the California Supreme Court.  (See Petition at 5-7, Exh. A (petitioner referring the Court to "Exhibit - A - The Supreme Court Petition For Review" in raising Grounds One through Eight).)  Petitioner offers no explanation why he needed further legal materials to prepare his federal habeas petition; the Petition he ultimately filed contains no additional legal research and makes no new allegations.  The Court also notes that petitioner's transfer on November 27, 2013, occurred after the relevant limitation period, *i.e.*, between October 28, 2012 and October 28, 2013.

In any event, assuming without deciding, that petitioner is entitled to equitable tolling for the time in which he was attempting to gain access to the law library from July 9, 2013 through September 17, 2013, and for 45 days after his transfer on November 27, 2013, the instant Petition is still untimely.  The statute of limitations would be tolled from July 9, 2013, until September 17, 2013, 70 days later, and from November 27, 2013 until January 11, 2014, for another 45 days.

Petitioner's judgment of conviction became final on October 28, 2012.  (See R&R at 4.)  On July 9, 2013, 254 days of his one-year statute of limitation had run, leaving petitioner with 111 days before the statute of limitation expired.  On November 27, 2013, 40 days of the limitation period remained.  Thus, petitioner had until **February 20, 2014**, 40 days after January 11, 2014 to file the instant Petition.  Petitioner did not file the instant Petition until June 12, 2014, over three months after a February 20, 2014 deadline.  Accordingly, the instant Petition is still untimely.

/ / /

1       IT THEREFORE IS ORDERED that Judgment be entered denying the Petition

2  and dismissing this action with prejudice.

3

4  DATED:     February 2, 2015

5

6                   STEPHEN V. WILSON

                 UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28